**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrell Penn,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Ray Fidel; DriveTime Automotive Group, Inc.; DriveTime Car Sales Compay, LLC dba DriveTime; and DriveTime Sales and Finance Company, LLC,<br><br>　　　　　Defendants. | No. CV-11-339-PHX-DGC<br><br>**ORDER** |

　　　　Darrell Penn brought suit in state court against his former employer and the company's CEO. The complaint asserts claims for battery, infliction of emotional distress, and harassment and retaliation under Title VII and the Arizona Civil Rights Act. Doc. 1-1 at 2-16. Defendants removed the case to this Court on the basis of federal question jurisdiction. Doc. 1.

　　　　The DriveTime Defendants have filed a motion to dismiss and compel arbitration. Doc. 5. The motion is fully briefed. Docs. 8, 9. Oral argument has not been requested. For reasons stated below, the motion will be granted.

　　　　Plaintiff was hired by DriveTime on November 8, 2010, and signed an arbitration agreement two weeks later. Docs. 5-1 at 2-4, 8-1 at 5-7. Defendants argue that under that agreement all claims asserted in the complaint are subject to mandatory arbitration. Doc. 5. The Court agrees.

"The standard for demonstrating arbitrability is not high." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), broadly provides that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable" except upon grounds that exist at common law for the revocation of a contract. 9 U.S.C. § 2. Absent a valid contract defense, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). The district court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 4).

Plaintiff does not dispute that the arbitration agreement he signed encompasses the claims asserted in the complaint. Plaintiff asserts that the agreement constitutes an adhesion contract (Doc. 8), but "contracts of adhesion are not *per se* unenforceable." *Price v. HotChalk, Inc.*, No. CV10-1611-PHX-NVW, 2010 WL 5137896, at *3 (D. Ariz. Dec. 10, 2010) (citing *Broemmer v. Abortion Servs. of Phoenix, Ltd.*, 173 Ariz. 148, 151, (1992)). Because Plaintiff signed the arbitration agreement, it is "presumptively valid and enforceable, whether or not [Plaintiff] read it or appreciated its full effect, *unless* the reasonable-expectations limitation . . . applies." *Harrington v. Pulte Home Corp.*, 119 P.3d 1044, 1050 (Ariz. Ct. App. 2005) (emphasis in original). Terms of an agreement "are beyond the range of reasonable expectation if one party to the contract 'has reason to believe that the other party would not have accepted the agreement if he had known that the agreement contained the particular term.'" *Id.* (quoting *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 682 P.2d 388, 396-97 (Ariz. 1984)).

The agreement in this case is conspicuously titled: "MUTUAL AGREEMENT TO ARBITRATE CLAIMS." Doc. 5-1 at 2. It contains separate sections explaining,

among other things, the persons and claims covered by the agreement (and the claims not covered), the arbitration procedures and costs, the right to representation, discovery, and judicial review, and the requirements for modification or revocation of the agreement. *Id.* at 2-4. The final section – located directly above the signature lines and titled "Voluntary Agreement" – explains that by agreeing to arbitration, Plaintiff is giving up his right to a jury trial. *Id.* at 4. That section further provides that Plaintiff had been afforded the opportunity to discuss the agreement with his own legal counsel. *Id.* By signing the agreement, Plaintiff acknowledged that he had read the agreement, understood its terms, and entered the agreement voluntarily and not in reliance on any promise or representation by the company other than those contained in the agreement itself. *Id.*

The language of the agreement is clear and plain, not "bizarre or oppressive." *Harrington*, 119 P.3d at 1050-51 (citing *Darner*, 682 at 397); *see Wernett v. Serv. Phoenix, LLC*, No. CIV 09-168-TUC-CKJ, 2009 WL 1955612, at *4 (D. Ariz. July 6, 2009). The terms do not eviscerate non-standard terms explicitly agreed to by the parties, or otherwise eliminate the dominant purpose of the transaction, that is, the employment relationship agreed to on November 8, 2010. *See id.* While Plaintiff now challenges certain terms of the agreement as being unconscionable (Doc. 8 at 3-4), he does not assert that, had he fully understood all terms of the arbitration agreement, he would have declined to work for Defendants.

Plaintiff notes that he has waived his right to a jury trial (*id.* at 4), but "an agreement to submit disputes to arbitration is necessarily an agreement to forego dispute resolution by a jury." *Harrington*, 119 P.3d at 1052. Plaintiff also notes that the agreement limits each party's discovery to document requests and the deposition of one individual. Doc. 8 at 4. The agreement provides, however, that the arbitrator shall grant a request for additional discovery if the party requires it to adequately arbitrate a claim. Doc. 5-1 at 12. Plaintiff does not explain how he is prejudiced by the agreement's discovery provision, particularly given that an express purpose of the agreement is to

provide a "fast, cost-effective dispute resolution mechanism." Doc. 5-1 at 3. Nor has Plaintiff shown that costs of a court reporter will be incurred, or that any such costs are prohibitively expensive. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000) (a party seeking to invalidate an arbitration agreement on the ground of prohibitive costs "bears the burden of showing the likelihood of incurring such costs"); *Kam-Ko Bio-Pharm Trading Co., Ltd.-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 940 (9th Cir. 2009) (same).

Having considered the relevant factors, *see Harrington*, 119 P.3d at 1050-51, it is clear to the Court that "the reasonable-expectations doctrine does not prohibit application of the arbitration [agreement]." *Id.* at 1052. Plaintiff has not shown that the arbitration agreement he signed is unconscionable or otherwise unenforceable. Given the "strong public policy, both federal and state, favoring arbitration," *id.* at 1051, and in light of the express terms of the parties' mutual agreement to arbitrate claims arising out of the employment relationship (Doc. 5-1 at 11-13), the Court will compel arbitration. Because all claims asserted in the complaint, including those asserted against Defendant Fidel, are subject to arbitration (*see* Doc. 5 at 2), the complaint will be dismissed. *See Simula*, 175 F.3d at 726 (affirming dismissal to allow arbitration); *Kam-Ko*, 560 F.3d at 940 (the court has discretion to dismiss or stay the action to allow arbitration to proceed); *see also Alford v. Dean Witter Reynolds, Inc.*, 975 P.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration.") (emphasis in original).

**IT IS ORDERED:**

1. Defendants' motion to dismiss complaint and compel arbitration (Doc. 5) is **granted**.

2. The parties are directed to proceed to arbitration in accordance with the terms of the arbitration agreement (*see* Doc. 5-1 at 2-4).

3. Plaintiff's complaint (Doc. 1-1 at 2-16) is **dismissed**.

1    4.   Defendants' alternative request for a stay is **denied** as moot.

2    5.   The Clerk is directed to enter judgment accordingly.

3    Dated this 25th day of April, 2011.

_____
David G. Campbell
United States District Judge